# IN THE SUPREME COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| OFFICE OF DISCIPLINARY COUNSEL, | : | No. 2978 Disciplinary Docket No. 3 |
| | : | |
| | : | No. 76 DB 2023 |
| Petitioner | : | |
| v. | : | Attorney Registration No. 34666 |
| | : | |
| CONRAD BENEDETTO | : | (Philadelphia) |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 14th day of February, 2024, upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board, the Joint Petition in Support of Discipline on Consent is granted, and Conrad Benedetto is suspended on consent from the Bar of this Commonwealth for a period of five years, retroactive to May 22, 2023.  Respondent shall comply with the provisions of Pa.R.D.E. 217 and pay costs to the Disciplinary Board.  *See* Pa.R.D.E. 208(g).

A True Copy Nicole Traini
As Of 02/14/2024

Attest: _Nicole Traini_
Chief Clerk
Supreme Court of Pennsylvania

BEFORE THE DISCIPLINARY BOARD OF
THE SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,: No. 2978 Disciplinary Docket
       Petitioner :  No. 3
   v.       :
          : No. 76 DB 2023
          :
          : Attorney Reg. No. 34666
CONRAD BENEDETTO,   :
       Respondent : (Philadelphia)

## JOINT PETITION IN SUPPORT OF DISCIPLINE
## ON CONSENT PURSUANT TO RULE 215, Pa.R.D.E.

Petitioner, the Office of Disciplinary Counsel (hereinafter "ODC") by Thomas J. Farrell, Chief Disciplinary Counsel and Michael D. Gottsch, Disciplinary Counsel, and Conrad Benedetto (hereinafter "Respondent"), by and through his attorney, Ellen C. Brotman, Esquire, respectfully petition the Disciplinary Board in support of discipline on consent, pursuant to Pennsylvania Rule of Disciplinary Enforcement ("Pa.R.D.E.") 215(d), and in support thereof state:

   1.  Petitioner, Office of Disciplinary Counsel, whose principal office is situated at Pennsylvania Judicial Center, Suite 2700, 601 Commonwealth Avenue, P.O. Box 62485, Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary

FILED
12/01/2023
The Disciplinary Board of the
Supreme Court of Pennsylvania

Enforcement ("Pa.R.D.E."), with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

2.    Respondent was born on March 8, 1956 and was admitted to practice law in the Commonwealth of Pennsylvania on October 27, 1981. Respondent was assigned Attorney Registration No. 34666 and is currently on temporary suspension status.   Respondent's last registered address is 2705 Atlantic Ave., Longport, NJ 08403.

3.    On November 28, 2022, Respondent appeared before The Honorable Wendy Beetlestone, and pled guilty to three Counts (Counts 4 through 6 of the indictment) of failure to file a tax return, in violation of 26 U.S.C. § 7203, a misdemeanor; and one Count (Count 7 of the indictment) of failure to collect or pay over employment tax, in violation of 26 U.S.C. § 7202, a felony.

4.    The statutory maximum sentence for the crime of willful failure to file a tax return is a term of imprisonment of one year, a one year period of supervised release, a $100,000 fine, and a $25 special assessment.

2

5.     The statutory maximum sentence for the crime of willful failure to collect or pay employment tax is a term of imprisonment of five years, a three year period of supervised release, a $250,000 fine, and a $100 special assessment.

6.     By correspondence dated December 12, 2022 from Respondent's counsel, Respondent timely self-reported his criminal plea to the Office of Disciplinary Counsel.

7.     By Order dated May 23, 2023, the Supreme Court of Pennsylvania granted a Joint Petition to Temporarily Suspend an Attorney (see No. 2978 Disc. Dkt. No. 3) and placed Respondent on temporary suspension status based on Respondent's guilty plea.

8.     On August 29, 2023, Judge Beetlestone sentenced Respondent to imprisonment of 12 months each on Counts 4 through 6 and 24 months on Count 7, all sentences to be served concurrently, for an aggregate term of 24 months' imprisonment  to be followed by three years' supervised release, and ordered a special assessment of $175.00 and restitution in the amount of $425,463.00 (based on a criminal tax loss of $715,746.00).  Respondent's surrender date is November 30, 2023.

9.     The crime to which Respondent pled guilty is a "crime" as defined in Pa.R.D.E. 214(h), and therefore Respondent's conviction is an independent *per se* basis for discipline under Pa.R.D.E. 203(b)(1).

10.    Respondent has no prior discipline of record in Pennsylvania apart from his temporary suspension.

11.    Respondent has a disciplinary history in New Jersey. Specifically: a) in 1988 he was privately reprimanded in New Jersey for violating NJ RPC 5.5(a) by failing to maintain a bona fide New Jersey office; b) in 2001 he was reprimanded in New Jersey for practicing law in South Carolina without a license in violation of NJ RPC 5.5(a)(1); and c) on 3/21/23 he was publicly reprimanded in New Jersey for violating NJ RPC 5.1(b) in connection with an estate matter by failing to ensure that his associate's conduct conformed to the Rules of Professional Conduct, and for violating NJ RPC 5.1(c)(1) and (2) by ratifying or failing to timely remediate the associate's rule violations.

12.    Effective January 18, 2023, Respondent was placed on temporary suspension by the Supreme Court of New Jersey based upon his guilty plea referenced above, pending further order of that court.

4

## SPECIFIC FACTUAL ALLEGATIONS ADMITTED

13.    Respondent admits to the facts charged in the indictment filed on October 12, 2022 in *United States of America v. Conrad Benedetto*, Criminal Action No. 21-407 (E.D.Pa.) (Exhibit A hereto).

14.    Respondent admits that all facts set forth in the Guilty Plea Agreement he signed in *United States of America v. Conrad Benedetto*, Criminal Action No. 21-407 (E.D.Pa.)(Exhibit B hereto), filed on November 28, 2022, are true and correct.

## SPECIFIC RULES OF PROFESSIONAL CONDUCT AND RULE OF DISCIPLINARY ENFORCEMENT VIOLATED

Respondent violated the following Rules of Professional Conduct and Pennsylvania Rule of Disciplinary Enforcement:

a.    RPC 8.4(b), which states that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

b.    RPC 8.4(c), which states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and

    c.    Pa.R.D.E. 203 (b) (1),  which provides that conviction of a

crime shall be grounds for discipline;

## SPECIFIC RECOMMENDATION FOR DISCIPLINE

15.    Petitioner  and  Respondent  jointly  recommend  that  the

appropriate discipline for Respondent 's admitted misconduct is a five-year

suspension, retroactive to June 22, 2023, the effective date he was placed

on temporary suspension.

16.    Respondent hereby consents to that discipline being imposed

upon him by the Supreme Court of Pennsylvania. Attached to this Petition

and marked Exhibit C is Respondent's executed Affidavit required by Rule

Pa.R.D.E. 215(d), stating that he consents to the recommended discipline

and  including  the  mandatory  acknowledgements  contained  in  Rule

215(d)(1) through (4).

17.    In     support     of     Petitioner    and    Respondent's    joint

recommendation, it is respectfully submitted that the following mitigating

circumstances are present:

    a.    Respondent demonstrated acceptance of responsibility by

pleading  guilty  to  committing  crimes  in  violation  of  26

United States Code §§ 7202 and 7203;

6

b.    Respondent intends to pay the full restitution of
$425,463.00 that was imposed upon him by the Court as
a result of his guilty plea;

c.    Respondent had significant character support at his
sentencing.  Mr. Benedetto offered 33 character letters,
including 8 from family members, and 25 from friends,
colleagues and former clients, all of whom knew Mr.
Benedetto for years, or even decades. Eleven letters
were written by attorneys. The letters attested to Mr.
Benedetto's kindness, generosity, honesty and dedication
to his family, his profession and his community.

d.    Respondent has admitted engaging  in misconduct and
violating the charged Rules of Professional Conduct and
Rule of Disciplinary Enforcement;

e.    Respondent agreed to be placed on temporary
suspension as evidenced by his participation in the filing
of a Joint Petition to Temporarily Suspend an Attorney;

f.    Respondent is remorseful for his misconduct and
understands he should be disciplined, as evidenced by

his cooperation with Petitioner and his consent to receiving a five-year suspension; and

g.     Respondent has no prior criminal history.

A suspension of five years is appropriate in light of the specific facts of this case in comparison to similar cases.

In *Office of Disciplinary Counsel  v. Steven James Lynch*, No. 29 DB 2017 (S.Ct. Order 7/15/2019), an attorney with no history of discipline was disbarred on consent in connection with his conviction by a jury of 16 counts of willful failure to pay over withheld employment taxes in violation of 26 U.S.C. § 7202 which resulted in a $793,145.00 tax loss to the government.   Lynch was sentenced to an aggregate of 48 months' incarceration, three years of supervised release, and was ordered to pay a special assessment of $1,600.00, a $75,000.00 fine, and restitution in the amount of $793,145.00.    Lynch cooperated fully with the Office of Disciplinary Counsel's investigation.

In *Office of Disciplinary Counsel v. Wayne Bozeman*, No. 183 DB 2009 (S.Ct. Order 10/3/2011), respondent Bozeman was suspended for five years on consent.  He had pleaded guilty and been sentenced to 22 months' incarceration and three years of supervised release for conspiracy to defraud the United States out of $137,635.00 of income tax revenue for

8

the tax years 2000 through 2006 based on unreported income of $830,369.00, in violation of 18 U.S.C. § 371. Bozeman had no history of discipline, was remorseful, paid full restitution, and had significant community service.

In *Office of Disciplinary Counsel v. Douglas M. Marinos*, 42 DB 2018 (D.Bd. Rpt. 10/23/2019)(S.Ct. Order 12/3/2019), the respondent consented to a suspension of four years (retroactive to the date he had been placed on temporary suspension) based on his guilty plea for willful failure to collect and pay over taxes in violation of 26 U.S.C. § 7202. For sixteen quarters in tax years 2011-2015 the respondent withheld payroll taxes from his employees but did not pay them over to the IRS as required by law. The federal government suffered a tax loss of $229,548.92 ($154,049.36 of employee withholdings not paid over and $75,494.73 of employer payroll taxes not paid). Marinos was sentenced to twelve months and one day incarceration and three years' supervised release, and was ordered to pay a fine of  $10,000, a special assessment of $100.00, and restitution in the amount of $284,567.84. Mitigating factors set forth in the Marinos Joint Petition in Support of Discipline on Consent are that Respondent: was remorseful, paid his full restitution, had significant character evidence, admitted his misconduct that violated the Rules of

Professional Conduct, agreed to temporary suspension, and had no record of discipline nor any criminal history.

Respondent Benedetto has no history of discipline in 42 years of law practice in Pennsylvania (though he does have a history of discipline in New Jersey as set forth above) and he has no prior convictions. He timely reported his conviction to the Office of Disciplinary Counsel as required by Pa.R.D.E. 214(a) and (i), and through his attorney Ms. Brotman he has cooperated with Disciplinary Counsel. Respondent is remorseful for his misconduct, acknowledges his violations of the Rules of Professional Conduct and Rules of Disciplinary Enforcement, and agrees that this supension is appropriate discipline.

WHEREFORE, Petitioner and Respondent respectfully request that:

a.     Pursuant to Pennsylvania Rules of Disciplinary Enforcement 215(e) and 215(g), a Three-Member Panel of the Disciplinary Board review and approve the Joint Petition in Support of Discipline on Consent and file a recommendation with the Supreme Court of Pennsylvania that Respondent receive a five-year suspension, to be made retroactive to June 22, 2023, the effective date of the temporary suspension order; and

b.    Pursuant to Pa.R.D.E. 215(i), the Three-Member Panel of the Disciplinary Board enter an order for Respondent to pay the necessary expenses incurred in the investigation and prosecution of this matter, and that under Pa.R.D.E. 208(g)(1) all expenses be paid by Respondent within 30 days after the notice of taxed expenses is sent to Respondent.

Respectfully and jointly submitted,

OFFICE OF DISCIPLINARY COUNSEL

THOMAS J. FARRELL
Chief Disciplinary Counsel

___11/21/23___
DATE

*Michael D. Gottsch*

Michael D. Gottsch
Disciplinary Counsel

_11·28·23_
DATE

Conrad Benedetto
Respondent

_11-28-23_
DATE

Ellen C. Brotman, Esquire
Respondent's Counsel

BEFORE THE DISCIPLINARY BOARD OF
THE SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,: No. 2978 Disciplinary Docket
                    Petitioner     :    No. 3
      v.                     :
                         : No. 76 DB 2023
                         :
                         : Attorney Reg. No. 34666
CONRAD BENEDETTO,        :
              Respondent   : (Philadelphia)

## <u>VERIFICATION</u>

The statements contained in the foregoing *Joint Petition In Support of Discipline on Consent* are true and correct to the best of our knowledge or information and belief and are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Respectfully Submitted,

OFFICE OF DISCIPLINARY COUNSEL

Thomas J. Farrell
Chief Disciplinary Counsel

11/21/23
Date

By: _Michael D. Gottsch_____

Michael D. Gottsch, Esquire
Disciplinary Counsel
District I Office
Atty. Registration No. 39421
1601 Market Street
Suite 3320
Philadelphia, PA 19103
(215) 560-6296

11-28-23
Date

Conrad Benedetto
Respondent
Attorney Registration No. 34666

11-28-23
Date

Ellen C. Brotman, Esquire
Respondent's Counsel
Attorney Registration No. 71775

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  21-_____ |
| v. | : | DATE FILED:  __October 12, 2021__ |
| CONRAD BENEDETTO | : | VIOLATIONS: |
| | : | 26 U.S.C. § 7206(1) (filing a false tax return – 3 counts) |
| | : | 26 U.S.C. § 7203 (failure to file a tax return – 3 counts) |
| | : | 26 U.S.C. § 7202 (failure to collect or pay employment tax – 3 counts) |

### INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1.      Defendant CONRAD BENEDETTO was an attorney who resided in Philadelphia and was licensed to practice in the Commonwealth of Pennsylvania and the State of New Jersey.

2.      Defendant CONRAD BENEDETTO owned and operated a law practice in Philadelphia, Pennsylvania.

3.      Defendant CONRAD BENEDETTO was the only signatory on the law firm bank accounts and was the only person who could authorize the payment of the employment taxes.

4.      The Internal Revenue Service ("IRS") was an agency within the United States Treasury Department. The IRS was responsible for, among other things, collecting income

and payroll taxes on wages earned by individuals.

5.     The Internal Revenue Code ("Code") required every individual who received gross income in excess of the exemption amount established by Congress to make and file a tax return which reported the income received by that individual. Examples of the types of gross income for which a return had to be made and filed included: (a) compensation for services, including fees, commissions, fringe benefits and similar items; and (b) gross income derived from a business enterprise.

6.     As the sole owner and operator of his law practice, defendant CONRAD BENEDETTO had a duty to timely and accurately file and report all gross receipts earned and expenses incurred by the law practice on Schedule C of his personal tax returns (IRS Form 1040).

7.     Defendant CONRAD BENEDETTO failed to truthfully report the law practice's gross receipts on IRS Form 1040 for tax year 2013, by underreporting gross receipts in the approximate amount of $225,800.40.

8.     Defendant CONRAD BENEDETTO failed to truthfully report the law practice's gross receipts on IRS Form 1040 for year tax 2014, by underreporting gross receipts in the approximate amount of $51,881.95 and overstating expenses in the approximate amount of $172,382.51.

9.     Defendant CONRAD BENEDETTO failed to truthfully report the law practice's gross receipts on IRS Form 1040 for tax year 2015, by underreporting gross receipts in the approximate amount of $742,671.80 and understating expenses in the approximate amount of $278,048.35.

2

10.     Defendant CONRAD BENEDETTO's underreporting of gross receipts on IRS Form 1040 for each of the calendar years from 2013 through 2015, and overstating expenses in year 2014 resulted in a tax loss of approximately $403,923.

11.     On or about October 13, 2016, in the Eastern District of Pennsylvania, defendant

**CONRAD BENEDETTO**

willfully made and subscribed a United States tax return, Form 1040, for the calendar year 2013, which was verified by a written declaration that it was made under penalty of perjury and filed with the IRS, which return defendant CONRAD BENEDETTO did not believe to be true and correct as to every material matter, in that the return reported gross receipts of $1,339,976, when in fact defendant BENEDETTO knew he had gross receipts totaling approximately $1,565,776.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

> At all times relevant to this indictment:

> 1.      Paragraphs 1 through 10 of Count One are incorporated here.

> 2.      On or about January 17, 2017, in the Eastern District of Pennsylvania,

defendant

### CONRAD BENEDETTO,

willfully made and subscribed a United States tax return, Form 1040, for the calendar year 2014,

which was verified by a written declaration that it was made under penalty of perjury and filed

with the IRS, which return defendant CONRAD BENEDETTO did not believe to be true and

correct as to every material matter, in that the return reported gross receipts of $2,142,870 when

in fact defendant BENEDETTO knew he had gross receipts totaling approximately $2,194,752.

> In violation of Title 26, United States Code, Section 7206(1).

4

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.      Paragraphs 1 through 10 of Count One are incorporated here.

2.      On or about January 19, 2017, in the Eastern District of Pennsylvania, defendant

CONRAD BENEDETTO,

willfully made and subscribed a United States tax return, Form 1040, for the calendar year 2015, which was verified by a written declaration that it was made under penalty of perjury and filed with the IRS, which return defendant CONRAD BENEDETTO did not believe to be true and correct as to every material matter, in that the return reported gross receipts of $2,510,706 when in fact defendant BENEDETTO knew he had gross receipts totaling approximately $3,253,378.

In violation of Title 26, United States Code, Section 7206(1).

## COUNTS FOUR THROUGH SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.      Paragraphs 1 through 10 of Count One are incorporated here.

2.      For each of tax years 2016, 2017 and 2018, defendant CONRAD BENEDETTO earned legal fees of more than $1,000,000. Between 2016 and 2018, inclusive, defendant BENEDETTO had over $8,000,000 in gross receipts.

3.      During the calendar years listed below, in the Eastern District of Pennsylvania, defendant

### CONRAD BENEDETTO,

a resident of Philadelphia, Pennsylvania, made and received gross income substantially in excess of the minimum filing requirements. By reason of such gross income he was required by law, following the close of each calendar year and on or before the filing due date set forth below, to make an income tax return to the Internal Revenue Service Center, at Philadelphia, Pennsylvania, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that knowing this, he willfully failed to

6

make an income tax return to the Internal Revenue Service Center, or to any other proper officer of the United States.

| COUNT | YEAR | FILING DUE DATE |
|-------|------|-----------------|
| 4 | 2016 | April 18, 2017 |
| 5 | 2017 | April 17, 2018 |
| 6 | 2018 | April 15, 2019 |

All in violation of Title 26, United States Code, Section 7203.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. Defendant CONRAD BENEDTTO withheld taxes from his employees' paychecks, including federal income taxes, Medicare and social security taxes (often referred to as Federal Insurance Contribution Act or "FICA" taxes or as "payroll taxes").

3. Employers were required to make deposits of the payroll taxes to the IRS on a periodic basis, in this case, semi-weekly. Employers were required to file, following the end of each calendar quarter, an Employer's Quarterly Federal Income Tax Return (Form 941), setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due to the IRS.

4. Throughout the calendar year 2017, defendant CONRAD BENEDETTO withheld tax payments from his employees' paychecks. However, beginning in approximately April, 2017, defendant BENEDETTO made no payments to the Internal Revenue Service.

5. For the second, third and fourth quarters of 2017, defendant CONRAD BENEDETTO failed to file the Forms 941 with the IRS, and to pay over the taxes to the IRS.

6. For each of the second, third and fourth quarters of 2017, defendant CONRAD BENEDETTO failed to pay over to the IRS approximately $18,986 in payroll taxes.

Thus, defendant BENEDETTO failed to timely report and pay over to the IRS a combined total of approximately $56,904.

7.     On or about July 31, 2017, in the Eastern District of Pennsylvania, defendant

**CONRAD BENEDETTO,**

a person required under Title 26 of the United States Code to collect, account for, and pay over taxes due and owing in regards to total taxable wages of his employees, willfully failed to truthfully account for and pay over to the IRS all of the federal income taxes and FICA taxes that should have been withheld and were due and owing to the United States of America for the quarter ending June 30, 2017.

In violation of Title 26, United States Code, Section 7202.

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.    Paragraphs 1 through 10 of Count One and paragraphs 1 through 6 of Count Seven are incorporated here.

2.    On or about October 31, 2017, in the Eastern District of Pennsylvania, defendant

**CONRAD BENEDETTO,**

a person required under Title 26 of the United States Code to collect, account for, and pay over taxes due and owing in regards to total taxable wages of his employees, willfully failed to truthfully account for and pay over to the IRS all of the federal income taxes and FICA taxes that should have been withheld and were due and owing to the United States of America for the quarter ending September 30, 2017.

In violation of Title 26, United States Code, Section 7202.

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.      Paragraphs 1 through 10 of Count One and paragraphs 1 through 6 of Count Seven are incorporated here.

2.      On or about January 31, 2018, in the Eastern District of Pennsylvania, defendant

**CONRAD BENEDETTO,**

a person required under Title 26 of the United States Code to collect, account for, and pay over taxes due and owing in regards to total taxable wages of his employees, willfully failed to truthfully account for and pay over to the IRS all of the federal income taxes and FICA taxes that should have been withheld and were due and owing to the United States of America for the quarter ending December 31, 2017.

In violation of Title 26, United States Code, Section 7202.

**A TRUE BILL:**

_Ronald L Barock_ for

**JENNIFER ARBITTIER WILLIAMS**
**ACTING UNITED STATES ATTORNEY**

No._ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

CONRAD BENEDETTO

INDICTMENT

26 U.S.C. § 7206(1) (filing a false tax return – 3 counts)
26 U.S.C. § 7203 (failure to file a tax returns – 3 counts)
26 U.S.C. § 7202 (failure to collect or pay employment tax – 3 counts)



Filed in open court this _____
Of _____ A.D. 20 _____ day,

_____
Clerk

Bail, $ _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### INDICTMENT

DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476

Post Office:  Philadelphia                                                   County:   Philadelphia

City and State of Defendant:   Philadelphia, Pennsylvania

County:   Philadelphia                            Register number:  N/A

Place of accident, incident, or transaction:                Eastern District of Pennsylvania

Post Office: Philadelphia                                           County:   Philadelphia

RELATED CASE, IF ANY:

Criminal cases are deemed related when the answer to the following question is "yes".

> Does this case involve a defendant or defendants alleged to have participated in the same action or transaction, or in the same series of acts or transactions, constituting an offense or offenses?

> YES/NO: NO

Case Number:  N/A                            Judge: N/A

CRIMINAL:   (Criminal Category - FOR USE BY U.S. ATTORNEY ONLY)

1.   ⌐ Antitrust
2.   ⦿ Income Tax and other Tax Prosecutions
3.   ⌐ Commercial Mail Fraud
4.   ⌐ Controlled Substances
5.   ⌐ Violations of 18 U.S.C. Chapters 95 and 96 (Sections 1951-55 and 1961-68) and Mail Fraud other than commercial
6.   ⌐ General Criminal

(U.S. ATTORNEY WILL PLEASE DESIGNATE PARTICULAR CRIME AND STATUTE CHARGED TO BE VIOLATED AND STATE ANY PREVIOUS CRIMINAL NUMBER FOR SPEEDY TRIAL ACT TRACKING PURPOSES)

See Reverse for Violations Charged

DATE:    10/12/21                               s/  Joan E. Burnes
                                                JOAN E. BURNES
                                                Assistant United States Attorney

File No. 2020R00800
U.S. v. CONRAD BENEDETTO

VIOLATIONS:

26 U.S.C. § 7206(1) (filing a false tax return – 3 counts)
26 U.S.C. § 7203 (failure to file a tax returns – 3 counts)
26 U.S.C. § 7202 (failure to collect or pay employment tax – 3 counts)

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :

      v.  :  CRIMINAL NO. 21-407

CONRAD BENEDETTO  :

## GUILTY PLEA AGREEMENT

    Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the

defendant, and the defendant's counsel enter into the following guilty plea agreement. Any

reference to the United States or the government in this agreement shall mean the Office of the

United States Attorney for the Eastern District of Pennsylvania.

    1.    The defendant agrees to plead guilty to Counts: Four through Six of the

Indictment, charging him with failure to file a tax return, in violation of 26 U.S.C. § 7203, and

Count Seven of the Indictment, charging him with failure to collect or pay employment tax, in

violation of 26 U.S.C. § 7202, arising from an investigation that revealed that, for tax years 2013

to 2015, he filed false personal returns understating his practice's gross receipts (and for one

year, overstating its expenses) on the attached Schedules C; for tax years 2016-2018 he failed to

file personal returns within the date required by law; and for the last three quarters of 2017, he

failed to file Forms 941 to truthfully account for federal income and FICA taxes withheld from

the wages of his law firm's employees, failed to pay those withheld taxes over to the IRS, and

failed to remit the firm's matching share of FICA taxes. The defendant further acknowledges his

waiver of rights, as set forth in the attachment to this agreement.

    2.    At the time of sentencing, the government will:

CLERK'S OFFICE
TRUE COPY CERTIFIED FROM THE RECORD

Oct 2023

By: /s/ Patrick McLaughlin

Deputy Clerk, U.S. District Court
Eastern District of Pennsylvania

a.      Move to dismiss Counts One through Three, Eight and Nine of the indictment as to this defendant. The defendant waives the statute of limitations as to all counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if these counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any of these dismissed counts.

b.      Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate.

c.      Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

d.      Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

3.      The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum sentences: Each of Counts Four through Six, willful failure to file a tax return, one year imprisonment, a one year period of supervised release, a $100,000 fine, and a $25 special assessment; and Count Seven, willful failure to collect or play over employment tax, five years' imprisonment, a three year period of supervised release, a $250,000 fine, and a $100 special assessment.

- 2 -

Total Maximum Sentence is: Eight years' imprisonment, a three year period of supervised release, $550,000 fine, and a $175 special assessment. Full restitution of as much as $425,463.00 also shall be ordered.

4.    The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 1 year on Counts Four through Six; and 2 years on Count Seven.

Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

5.    In order to facilitate the collection of the criminal monetary penalties to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in his own name or in the name of a relative, spouse, associate, another person, or entity, and whether held in this country or outside this country. Accordingly:

a.    The defendant will submit a completed Financial Statement of Debtor to the U.S. Attorney's Office, in a form it provides and as it directs, within 14 days of execution of this plea agreement. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

b.    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

c.     Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing, and provide all documents within the defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

d.     The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

e.     The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

f.     If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1.

6.     The defendant agrees to pay restitution of $425,463.00. The defendant agrees that restitution shall include losses caused by the defendant's relevant conduct in this case, as defined under USSG § 1B1.3. The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose. In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents a minimum payment obligation

and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

7.    The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure from the applicable Sentencing Guideline range.

8.    The defendant agrees to pay the special victims/witness assessment in the amount of $175 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

9.    The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

10.    Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

a.    The parties agree and stipulate that: the criminal tax loss for sentencing in furtherance of his criminal activity is $715,746.00; this amount was reasonably foreseeable to the

- 5 -

defendant in connection with the scheme; and the defendant's Guideline range should be calculated based on this amount pursuant to USSG § 1B1.3.

b.      The parties agree and stipulate that the defendant's Sentencing Guideline range should be calculated based on the tax loss of more than $550,000, but less than $1,500,000, pursuant to USSG §§ 1B1.3 and 2T4.1(H).

c. The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

d. The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

11.      The defendant understands and agrees that: (a) the status of any professional license or certification held by the defendant is not protected by this agreement and is a matter solely within the discretion of the appropriate licensing, regulatory, and disciplinary authorities; and (b) the government will inform the appropriate professional licensing, regulatory, and disciplinary authorities in Pennsylvania and New Jersey of the disposition of the criminal charges filed against the defendant in this case.

12.      The defendant agrees to cooperate fully with the Internal Revenue Service ("IRS") as follows:

a.      The defendant agrees to pay restitution as directed by the Court to the IRS in the total amount of $ 425,463.00. Unless directed otherwise, restitution payments will be sent

to IRS - RACS, Attn:  Mail Stop 6261, Restitution, 333 W. Pershing Avenue, Kansas City, MO
64108. The parties agree that restitution is assessed as follows:

| Year | Form | Tax Due |
|------|------|---------|
| 2013 | 1040 | $74,524.00 |
| 2014 | 1040 | $83,688.00 |
| 2015 | 1040 | $245,711.00 |
| 201706 | 941 | $8,198.00 |
| 201709 | 941 | $7,908.00 |
| 201712 | 941 | $5,434.00 |
|  |  |  |
| Total |  | $425,463.00 |

   b. The defendant agrees to pay all remaining taxes, interest, and penalties, as
determined by the IRS to be due and owing, within the period of probation/supervised release.
The defendant further agrees to pay all state and local taxes due and owing for these years within
the period of probation/supervised release.

   c. Prior to sentencing, the defendant will properly execute and deliver to the
IRS Examination Division IRS Form 4549 (Income Tax Examination Changes), and/or IRS
Form 870 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and
Acceptance of Overassessment), and/or file amended tax returns for tax years 2013 to 2018.

   d. Prior to sentencing, the defendant will make a full financial disclosure to
the IRS.

   e. Prior to sentencing, the defendant agrees to provide the IRS with all
requested documents and information for the purpose of a civil audit.

   f. The defendant agrees that he will sign any IRS forms deemed necessary
by the IRS to enable the IRS to make an immediate assessment of the taxes and interest that he
agrees to pay as restitution in subparagraph a.

- 7 -

g.    The defendant agrees to sign IRS Form 8821 (Tax Information Authorization) at any time that it is requested until the termination of his probation/supervised release.

h.    The defendant further agrees not to file any claims for refund of taxes, penalties, and interest for the years 2013 through 2018 or for any other amounts paid pursuant to this agreement.

i.    The defendant agrees that subparagraphs a through i of this paragraph are appropriate conditions of probation/supervised release.

j.    The defendant agrees that he will make no objection to the entry of an order under Federal Rule of Criminal Procedure 6(e) permitting the IRS Criminal Investigation Division to disclose to the IRS Examination and Collection Divisions (for purposes of a civil audit) all of the documents obtained, and the IRS reports produced, during the criminal investigation, whether or not such documents or reports are considered to be grand jury material within the meaning of Rule 6(e).

k.    Nothing in this agreement shall limit the IRS in its collection of any taxes, penalties, or interest due from the defendant. The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil tax liabilities, including tax, interest, and penalties.

13.    If the defendant commits any federal, state, or local crime between the date of this agreement and his sentencing, or otherwise violates any other provision of this agreement, the government may declare a breach of the agreement, and may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and

the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the investigation and prosecution of the criminal case; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed on the basis of this agreement; (c) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (d) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him. The decision shall be in the sole discretion of the government both whether to declare a breach, and regarding the remedy or remedies to seek. The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

14.     In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute[s] to which the defendant is pleading guilty is[are] unconstitutional and (2) the admitted conduct does not fall within the scope of the statute[s].

a.     Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

- 9 -

   b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

     i. that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 3 above;

     ii. challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

     iii. challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court;

     iv. that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

  15. The defendant acknowledges that pursuing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The government recognizes that the mere filing of a notice of appeal is not a breach of the plea agreement. The government may declare a breach only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

- 10 -

16.    The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A

(Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation

or prosecution of this matter.

17.    The defendant waives all rights, whether asserted directly or by a representative,

to request or receive from any department or agency of the United States any records pertaining

to the investigation or prosecution of this case, including without limitation any records that may

be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. §

552a.

18.    The defendant is satisfied with the legal representation provided by the

defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and

the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

19.    It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

JACQUELINE C. ROMERO
United States Attorney

_____
CONRAD BENEDETTO
Defendant

_s/ David E. Troyer, for_____
RICHARD P. BARRETT
Chief, Criminal Division
Assistant United States Attorney

_____
JOSEPH D. MANCANO
Counsel for the Defendant

_s/ Joan E. Burnes_____
JOAN E. BURNES
Assistant United States Attorney

Date:    11/22/22

Attachment

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA             :

            v.                              :       CRIMINAL NO. 21-407

CONRAD BENEDETTO                     :

### ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.      I understand that I do not have to plead guilty.

2.      I may plead not guilty and insist upon a trial.

3.      At that trial, I understand

      a.      that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

      b.      that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

      c.      that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

      d.      that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

      e.      that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

      f.      that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

       g.    that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

       h.    that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

    4.    I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

    5.    I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

    6.    I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

    7.    Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

    8.    I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

    (1) the nature and circumstances of the offense and my personal history and characteristics;

    (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____
CONRAD BENEDETTO
Defendant

_____
JOSEPH D. MANCANO
Counsel for the Defendant

Dated: 11/22/22

# EXHIBIT C

BEFORE THE DISCIPLINARY BOARD OF
THE SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,: No. 2978 Disciplinary Docket
           Petitioner    :     No. 3
   v.                  :
                   : No. 76 DB 2023
                   :
                   : Attorney Reg. No. 34666
CONRAD BENEDETTO,      :
         Respondent    : (Philadelphia)

## AFFIDAVIT UNDER RULE 215(d), Pa.R.D.E.

Conrad Benedetto, being duly sworn according to law, deposes and submits this affidavit consenting to the recommendation of a five-year suspension in conformity with Pa.R.D.E. 215(d), and further states as follows:

1. He is an attorney admitted to the Bar of the Commonwealth of Pennsylvania on October 27, 1981.

2. He desires to submit a Joint Petition in Support of Discipline on Consent pursuant to Pa.R.D.E. 215(d).

3. His consent is freely and voluntarily rendered; he is not being subjected to coercion or duress, and he is fully aware of the implications of submitting this affidavit.

4.    He is aware that there is presently pending a proceeding regarding allegations that he has been guilty of misconduct as set forth in the Joint Petition in Support of Discipline on Consent Pursuant to Pa.R.D.E. 215(d) to which this affidavit is attached.

5.    He acknowledges that the material facts set forth in the Joint Petition are true.

6.    He submits this affidavit because he knows that if charges predicated upon the matter under investigation were filed, or continued to be prosecuted in the pending proceeding, he could not successfully defend against them.

7.    He acknowledges that he is fully aware of his right to consult and employ counsel to represent him in the instant proceeding.  He has retained, consulted, and acted upon the advice of Ellen C. Brotman, Esquire in connection with his decision to execute the Joint Petition.

It is understood that the statements made herein are subject to the penalties of 18 Pa.C.S.A. §4904 (relating to unsworn falsification to authorities).

Signed this 28th day of November , 2023.

_____

Conrad Benedetto

Sworn to and subscribed
Before me on this ___28ᵗʰ___
day of ___November___, 2023


_Cllste Marchetti_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Celeste Marchetti, Notary Public
Philadelphia County
My Commission Expires June 2, 2026
Commission Number 1256191

## IN THE SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,: No. 2978 Disciplinary Docket
                Petitioner    :    No. 3
   v.                      :
                          : No. 76 DB 2023
                          :
                          : Attorney Reg. No. 34666
CONRAD BENEDETTO,     :
                Respondent   : (Philadelphia)

## ORDER

**PER CURIAM**:

**AND NOW**, this ___ day of _____, 2023, upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board, the Joint Petition in Support of Discipline on Consent is granted, and Conrad Benedetto is suspended on consent from the Bar of this Commonwealth for a period of five years, retroactive to June 22, 2023. Respondent shall comply with all the provisions of Pa.R.D.E. 217 and pay costs to the Disciplinary Board. *See* Pa.R.D.E. 208(g).

BEFORE THE DISCIPLINARY BOARD OF
THE SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,: No. 2978 Disciplinary Docket
               Petitioner     :   No. 3

v.                    :

                       : No. 76 DB 2023

                       :

                       : Attorney Reg. No. 34666

CONRAD BENEDETTO,     :

          Respondent   : (Philadelphia)

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing documents upon the person and in the manner indicated below, which service satisfies the requirements of Pa.R.A.P. 121:

<u>Service by First-Class Mail and Email as follows:</u>
Ellen C. Brotman, Esquire (215) 609-3247
Brotman Law
One South Broad Street, Suite 1500
Philadelphia, PA 19107
**ebrotman@ellenbrotmanlaw.com**
(Respondent's Counsel)

Dated: ___*12 - 1-23*___

*Michael D. Gottsch*

Michael D. Gottsch, Disciplinary Counsel
Attorney Registration No. 39421
Office of Disciplinary Counsel
1601 Market Street, Suite 3320
Philadelphia, PA  19103
michael.gottsch@pacourts.us
(215) 560-6296